IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 16-CV-573-JED-PJC |
| v. | ) | |
| | ) | |
| ALEX MARTINEZ, Individually and d/b/a | ) | |
| CALLE OCHO, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

The Court has for its consideration plaintiff's Motion for Default Judgment and Brief in Support (Docs. 13, 14).   For the reasons discussed herein, the Court finds that the Motion should be granted.

**I.      The Defendant's Violation of 47 U.S.C. § 605**

The following facts are supported by the uncontested Complaint and the evidence submitted as part of the plaintiff's Motion.  (*See* Doc. 2; Doc. 14).   The defendant, Alex Martinez, is an owner, operator, and manager of a commercial establishment, Calle Ocho, located in Tulsa, Oklahoma.   On September 13, 2014, *"Mayhem" Floyd Mayweather, Jr. v. Marcos Rene Maidana, II, WBC World Lightweight Championship Fight Program*, a television program including the titled fight plus undercard bouts and fight commentary (the Program) was aired.   Plaintiff paid for and was granted exclusive nationwide television rights to the Program, and plaintiff expended substantial sums to market, advertise, promote, administer and transmit the Program to customers nationwide, including in Oklahoma.   (Doc. 14-1).   The defendant and/or his agents knowingly and unlawfully intercepted, published, divulged and exhibited the Program at the time of its transmission at defendant's commercial establishment in Tulsa, Oklahoma, in violation of 47

U.S.C. § 605.  Defendant collected a $5.00 cover charge for entrance to the Calle Ocho Bar on the evening of the broadcast.  (Doc. 14-2).  The Program was broadcast on two televisions inside the establishment.  An investigator for the plaintiff entered the bar at 10:05 p.m. and thereafter conducted three headcounts, which yielded counts of 29, 31, and 31 people inside.  (*Id.*).  Plaintiff has provided the Court with a Rate Card for the Program indicating that the minimum fee to broadcast the Program in an establishment with a capacity of up to 100 people was $2,200. (Doc. 14-1 at Ex. 1).

At plaintiff's request, the Clerk of Court issued an Entry of Default (Doc. 12) against defendant Alex Martinez, individually and d/b/a Calle Ocho, on December 30, 2016.  Plaintiff then moved for default judgment, requesting a judgment in its favor in the amount of $110,000 against defendant, plus attorneys' fees and costs. (Docs. 13, 14).

## II.     Damages

Plaintiff seeks maximum statutory damages against defendant under 47 U.S.C. § 605(e)(3)(C)(i)(II), which provides that an aggrieved party "may recover an award of statutory damages for each [unauthorized publication of an intercepted broadcast] in a sum of not less than $1,000 or more than $10,000, as the court considers just . . . . "  Plaintiff also seeks maximum enhanced damages against the defendant pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), which states that "in any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation."  In sum, plaintiff requests $110,000 in damages against the defendant.

Judges in this district have typically declined to award the maximum damages. For example, in *Joe Hand Promotions, Inc. v. John M. McLemore*, No. 10-CV-772-CVE (N.D. Okla. Sept. 26, 2011), 84 people were counted at the establishment at the time of the broadcast; no cover fee was charged; and the event was broadcast on three television screens. *Id*. at 3. Based on the facts, United States District Judge Claire V. Eagan declined to award the requested maximum statutory and enhanced damages and instead awarded the plaintiff $2,500 in statutory damages and $2,500 in enhanced damages. That amount, the court reasoned, was sufficient to both "compensate the plaintiff for any fee that should have [been] paid by the defendants," and to "sufficient[ly] punish defendants for the illegal conduct and deter future violations." *Id.; see also J & J Sports Prods., Inc. v. Rivas*, No. 10-CV-760-GKF (N.D. Okla. Aug. 16, 2012) (awarding $2,500 in statutory damages and $2,500 in enhanced damages); *J & J Sports Prods., Inc. v. Samano*, No. 13-CV-721-GKF (N.D. Okla. May 5, 2014) (awarding $2,500 in statutory damages and $3,000 in enhanced damages); *J & J Sports Prods., Inc. v. Ramirez*, No. 14-CV-38-GKF (N.D. Okla. July 2, 2014) (awarding $3,000 in statutory damages and $2,500 in enhanced damages).

This Court recently awarded $5,000 in statutory damages and $10,000 in enhanced damages in *J & J Sports Prods., Inc. v. Bautista*, No. 13-CV-719-JED-FHM (N.D. Okla. February 19, 2015). There, the event was broadcast on multiple television screens, including a large 8-foot by 12-foot projection screen, with as many as 125 patrons observed in the establishment during the broadcast. Most recently, the Court found the same damage amounts to be justified in a case in which the defendant had collected a $10 cover charge for the fight. *See J & J Sports Prods. Inc. v. Cordoba*, 16-CV-184-JED (N.D. Okla. Oct. 25, 2016).

Having compared the uncontested facts presented in this case to similar cases, the Court finds and concludes that an award of $5,000 in statutory damages pursuant to § 605(e)(3)(C)(i)(II)

and $10,000 in enhanced damages pursuant to § 605(e)(3)(C)(ii) will adequately and justly compensate the plaintiff for any fee that should have been paid by the defendant and will sufficiently deter future similar violations.  Most notably, the defendant charged a $5 cover fee, which plainly reflects "that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain," justifying the enhanced damages under the facts presented.  *See* 47 U.S.C. § 605(e)(3)(C)(ii).

### III.    Full Costs

Under 47 U.S.C. § 605(e)(3)(B)(iii), the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees[,] to an aggrieved party who prevails."  The Court has considered plaintiff's attorneys' fees and costs submissions (Doc. 14-3, 14-4) and finds that an award of $1,725.00 for attorneys' fees and $644.10 for costs is reasonable and appropriate in light of the work expended as indicated by the filings of record.[1]

### IV.    Conclusion

Plaintiff's Motion for Default Judgment (Doc. 13) is **granted**.  The Court finds that an award of damages totaling $15,000.00, along with $1,725.00 in attorneys' fees and $644.10 in costs, is appropriate under the applicable statutes and circumstances.  A Judgment will be entered consistent with this Opinion and Order.

DATED this 25th day of January, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

---

[1]    Plaintiff requested an award of $1750.00 in the Motion (Doc. 13), but requested $1725.00 in the supporting brief (Doc. 14).  The materials submitted with plaintiff's brief (*see* Doc. 14-3, 14-4) support an award of $1725.00.